**EXHIBIT A**

## Certification

**STATE OF NEW YORK, COUNTY OF QUEENS, SS:**

I, Audrey I. Pheffer, County Clerk and Clerk of Supreme Court Queens County, do hereby certify that on December 19, 2017 I have compared the document attached hereto,

16321/2011 JUDGMENT OF FORECLOSURE AND SALE filed 12/13/2017 page(s) 1-9.

with the originals filed in my office and the same is a correct transcript therefrom and of the whole of such original in witness whereto I have affixed my signature and seal.

*Audrey I. Pheffer*

AUDREY I. PHEFFER
QUEENS COUNTY CLERK

SEQUENCE NO. 4

At an IAS Part 35 of the Supreme Court of the State of New York, held in and for the County of Queens at the Courthouse thereof, Supreme Court Building, 88-11 Sutphin Blvd, Jamaica, New York on the 30th day of NOV, 2017.

PRESENT:

Honorable **HON. TIMOTHY J. DUFFICY**,
Justice.

FILED & RECORDED

DEC 13 2017

COUNTY CLERK
QUEENS COUNTY

SUPREME COURT THE STATE OF NEW YORK:
COUNTY OF QUEENS
---------------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB    Index No: 16321/11
DBA CHRISTIANA TRUST AS TRUSTEE FOR
HLSS MORTGAGE MASTER TRUST FOR THE
BENEFIT OF THE HOLDERS OF THE SERIES
2014-1 CERTIFICATES ISSUED BY HLSS        JUDGMENT OF FORECLOSURE AND SALE
MORTGAGE MASTER TRUST,

                    Plaintiff,

        -against-                                                Mortgaged Premises:
                                                                 109-57 195th Street
                                                                 Saint Albans, New York 11412

SIMONE JUNIOUS A/K/A SIMONE JUNIOS
OSCAR FULLER, JR.
CITY OF NEW YORK NYC DEPARTMENT OF
FINANCE-PARKING VIOLATIONS BUREAU
PAYMENT AND ADJUDICATION CENTER OF
QUEENS

                    Defendants.
---------------------------------------------------------------X

ON the Summons, Complaint and Notice of Pendency duly filed in this action in the Office of the County Clerk of the County of Queens on July 12, 2011, the re-filing of the Notice of Pendency on June 12, 2014 and October 26, 2016, and all proceedings had thereon; and upon reading and filing the Notice of Motion dated October 24, 2016, the affirmation of regularity of Tommaso Marasco dated December 8, 2015, with exhibits annexed, showing that all of the

Defendants herein have been duly served within this State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; and that none of the Defendants has served an Answer to said Complaint, nor has their time to do so been extended and upon the affirmation of services rendered of Deana Cheli dated October 17, 2016 and

ON the Order of Reference dated July 27, 2016 appointing Helen Eichler, Esq., as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing Sworn to on and dated September 20, 2016 the Oath and Report of the aforesaid Referee sworn to and dated October 7, 2016, it appears that the sum of $550,005.62 was due the Plaintiff, as of November 4, 2015, plus a per diem interest for every day thereafter, on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon; and upon reading and filing the decision of the Court dated February 6, 2017.

NOW, on motion of McCabe, Weisberg & Conway, P.C., attorneys for the Plaintiff, it is

ORDERED that said motion hereby is granted without opposition and it is further

ORDERED, ADJUDGED and DECREED, that the report of the Referee, Helen Eichler, Esq., dated October 7, 2016, be, and the same is hereby in all respects ratified and confirmed; and it is further

2

**ORDERED, ADJUDGED and DECREED**, that the mortgaged premises described in the Complaint in this action, and hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public auction at the Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, New York, 11435, in Courtroom #25 at 10:00 A.M. on a Friday, by and under the direction of Helen Eichler, Esq., who is hereby appointed Referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practice of this Court and R.P.A.P.L. sec. 231 in _Newsday- Qns ed_ 235 Pinelawn Rd. Melville, NY 11747 and that the Plaintiff or any other parties to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED**, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

**ORDERED, ADJUDGED and DECREED**, that said Referee, upon receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to

law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED and DECREED**, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in ~~SIGNATURE BANK 89 36 Sutphin Blvd 3rd Floor Jamaica. NY 11435~~, and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository:

FIRST   The statutory fees of the Referee in the sum of $500.00.

SECOND   The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

THIRD   Said Referee shall also pay to the Plaintiff, or Plaintiff's attorney, the sum of $ 1,665.00 CLS to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof; ~~together with an additional allowance of $_____ hereby awarded to the Plaintiff in addition to costs with interest thereon from the date hereof~~, and also the sum of $550,005.62 the said amount so reported due as aforesaid, together with interest thereon from November 4, 2015 the date interest was calculated to in said report, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance,

principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, upon presentation of receipts for said expenditures to the Referee, together with $2,200 hereby awarded to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage.

FOURTH   If such Referee intends to apply for a further allowance for his/her fees, he/she may leave upon deposit such amount as will cover such additional allowance, to await the further order of this Court thereon after application duly made upon due notice to those parties entitled thereof.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said and the terms of sale under this judgement shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff, or it's assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing

payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff, or the attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in his/her report of sale; that the Plaintiff shall recover from the Defendant(s) Simone Junious a/k/a Simone Junios and Oscar Fuller, Jr. the whole deficiency or so much thereof as this Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the

application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED and DECREED**, that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED and DECREED**, that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED and DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior, liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.



Said premises commonly known as 109-57 195th Street, Saint Albans, New York 11412.

A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

ENTER

_____
J.S.C.
HON. TIMOTHY J. DUFFICY

_____
CLERK

ENTERED
1:30 AM/PM
DEC 13 2017
COUNTY CLERK
COUNTY OF QUEENS

FILED & RECORDED

DEC 13 2017

COUNTY CLERK
QUEENS COUNTY

Case 1-19-41630-cec   Doc 9-2   Filed 04/15/19   Entered 04/15/19 08:42:17

16321/2011 JUDGMENT OF FORECLOSURE AND SALE                                   Page 9 of 9
16321/2011 AFFTS,NOTICE OF MOTION filed 2/10/2017                            Page 17 of 143

SUPREME COURT THE STATE OF NEW YORK:
COUNTY OF QUEENS
-------------------------------------------------------X
WILMINGTON SAVINGS FUND SOCIETY, FSB DBA         Index No: 16321/11
CHRISTIANA TRUST AS TRUSTEE FOR HLSS
MORTGAGE MASTER TRUST FOR THE BENEFIT OF
THE HOLDERS OF THE SERIES 2014-1                 COSTS OF PLAINTIFF
CERTIFICATES ISSUED BY HLSS MORTGAGE
MASTER TRUST,
                               Plaintiff
            -against-                            WITHIN COSTS TAXED without NOTICE
SIMONE JUNIOUS A/K/A SIMONE JUNIOS               AT $ 1665.00
OSCAR FULLER, JR.
CITY OF NEW YORK NYC DEPARTMENT OF                       DEC 13 2017
FINANCE-PARKING VIOLATIONS BUREAU
PAYMENT AND ADJUDICATION CENTER OF               [signature]
QUEENS                                           COUNTY CLERK QUEENS COUNTY
                               Defendants.
-------------------------------------------------------X

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue | | Fee for Index Number CPLR §8018(a) | $435.00 |
| S&C LP Fee | $200.00 | Clerk's fee for filing notice of pend. or attach | |
| CPLR §8201 subd 1 | | CPLR §8018(e) §8021(A)12 | |
| Allowance by statute | | | |
| CPLR §8302(a)(b) | | | |
| Title Fee) | | | |
| Percentage on $200.00 at 10% | $20.00 | Paid for Searches CPLR §8301(a)10 | ~~$125.00~~ 275.— |
| (not exceeding $200.00) | | | |
| Svc Fee) | $40.00 | Serving copy of summons & complaint | ~~$305.00~~ 120.— |
| Additional $800.00 at 5% | | CPLR §8011(c)1 §8301(d) | |
| (not exceeding $800.00) | | | |
| Additional $2000.00 at 2% | $40.00 | Request for Judicial Intervention | $95.00 |
| Ref Fee) | | | |
| (Not exceeding $2000.00) | | | |
| Additional $5000.00 at 1% | $50.00 | Paid Referee's Report CPLR §8301(a)12 | $250.00 |
| (not exceeding $5,000.00) | $50.00 | Motion Costs | $90.00 |
| Allowance by statute | | | |
| CPLR §8302(d) | | | |
| COSTS | $400.00 | | ~~Transfer~~ 1265.— |
| Total) | 1265.— | | |
| DISBURSEMENTS | ~~$1,600.00~~ | | |
| TOTAL | 1665.— | | |
| | ~~$2,000.00~~ | | |

STATE OF NEW YORK, COUNTY OF NEW YORK SS.        ATTORNEY'S AFFIRMATION
      The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is an associate with the firm McCABE, WEISBERG & CONWAY, P.C., the attorney(s) of
record for the plaintiff in the above entitled action, that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that
copies of documents or papers as charged herein were actually and necessarily obtained for use.
      The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: October 17, 2016

                                                 [signature]
                                                 Deana Cheli, ESQ.